UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH HUGHES,<br><br>Defendant. | Case No. 3:12-cr-00069-LRH-WGC<br><br>ORDER |

Before the Court is Defendant Kenneth Hughes' ("Hughes") pro se motion to "run Federal time concurrent with State of Nevada time" (ECF No. 47). The government filed a response (ECF No. 47), to which Hughes did not file a reply. For the reasons articulated below, the Court denies the motion.

**I.    BACKGROUND**

On November 18, 2013, Hughes pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 26. On February 18, 2014, this Court sentenced Hughes to a term of custody of 35 months, followed by a three-year term of supervised release. ECF No. 32. One of the conditions of supervision required that "[Hughes] shall not commit another federal, state or local crime." *Id.* at 3.

On July 30, 2019—during his term of supervised release—Hughes pleaded guilty to Domestic Battery by Strangulation in violation of NRS 200.485.2, and Kidnapping, Second Degree, in violation of NRS 200.310.2, and was sentenced to a term of confinement of 24 to 60

months. Hughes is currently serving his state custodial sentence in the custody of the Nevada Department of Corrections ("NDOC").

Now, Hughes, after receiving notice that the USPO has lodged a petition for revocation of his federal supervised release, asks this Court to run his "[f]ederal time concurrent with State of Nevada prison time," ECF No. 35 at 2:2–4, stating that he "will plead guilty to probation violation in absentia, for probation or time on case 3:12-CR-069-LRH-WGC," *id.* at 2:21–23. The Court denies the motion.

## II.   LEGAL STANDARD

The United States Sentencing Guidelines require that "any term of imprisonment imposed upon the revocation of…supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of…supervised release." U.S. SENT'G GUIDELINES MANUAL § 7B1.3(f) (U.S. SENT'G COMM'N 2018). Moreover, the sentencing guidelines state that "conduct constituting…a federal, state or local offense punishable by a term of imprisonment exceeding one year that is a crime of violence," constitutes a "Grade A" violation of probation and/or supervised release. *Id.* § 7B1.1(a)(1). And "upon a finding of a Grade A…violation, the Court shall revoke the supervised release." *Id.* § 7B1.3(a)(1).

## III.   DISCUSSION

Hughes' crime of violence —Domestic Battery by Strangulation in violation of NRS 200.485.2—has a minimum term of imprisonment of not less than 1 year and a maximum term of not more than 5 years. NRS 193.130(2)(c). This constitutes a "Grade A" violation of his supervised release. Therefore, based on the applicable sentencing guidelines, it was well within the right of the USPO to issue a petition for the revocation of Hughes' federal supervised release. The Court, mindful of the jurisdictional issues raised by the government, will not order that Hughes serve his state and federal sentences concurrently.

///

///

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Hughes' motion to "Run Federal Time Concurrent with State of Nevada Time" is **DENIED**.

IT IS SO ORDERED.

DATED this 29th day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE